10354.  STEVENS *v.* DEKLE INVESTMENT COMPANY.

To an action on promissory notes purporting to have been given "for value received" a sufficient defense was set forth, and the plea was not subject to demurrer on the ground that it sought by parol to vary and abrogate a written contract, where it alleged in substance that the plaintiff and the defendant entered into a parol contract whereby the plaintiff agreed to furnish to the defendant his necessary bare living expenses during the life of the contract, and the defendant, in consideration of that undertaking, agreed to render services as real estate agent in buying and selling real estate for the plaintiff, and it was mutually agreed that any profits made should be equally divided, and if none were made the plaintiff should stand the loss of the expenses so advanced and the defendant should stand the loss of his services, and that the contract might at any time be terminated at the option of either party; that in pursuance of this contract the defendant rendered services in buying and selling real estate for the plaintiff from a given date during the life of the contract until it was terminated by mutual consent; that during that period the plaintiff advanced to the defendant the amount of the notes sued on, to cover his expenses as contemplated in the contract, and the notes were executed for the sole purpose of preserving a record of the amount so advanced, and there was no consideration moving from the plaintiff to the defendant for the execution of the notes; that during the life of the contract the defendant's bare living expenses were actually at least the amount of the notes; that no profits were realized; and that by reason of the foregoing facts the notes were without consideration and are not obligations binding the defendant.

DECIDED OCTOBER 9, 1919.

Complaint; from city court of Valdosta—Judge Cranford. January 20, 1919.

*Franklin & Langdale,* for plaintiff in error, cited: Civil Code (1910), § 4241; *Lacy* v. *Hutchinson,* 5 *Ga. App.* 865; *Baggs* v. *Funderburke,* 11 *Ga. App.* 176; *Strickland* v. *Farmers Supply Co.,* 14 *Ga. App.* 664; *Williams-Thompson Co.* v. *Williams,* 10 *Ga. App.* 253; *Empire Cotton Oil Co.* v. *Maxwell,* 19 *Ga. App.* 493.

*Dan R. Bruce,* contra, cited: *Hirsch* v. *Oliver,* 91 *Ga.* 554 (2); *Lunsford* v. *Malsby,* 101 *Ga.* 39 (2); *Johnson* v. *Cobb,* 100 *Ga.* 139 (1); *Crooker* v. *Hamilton,* 3 *Ga. App.* 190 (2, 3); *Jones* v. *Taylor,* 5 *Ga. App.* 161 (1); *Carroll* v. *Hutchinson,* 2 *Ga. App.* 60 (2); *Berendt* v. *Ripps,* 120 *Ga.* 228; *Union Central L. Ins. Co.* v. *Wynne,* 123 *Ga.* 470 (2); *Stripling* v. *Holton,* 68 *Ga.* 821; *McNeel* v. *Smith,* 106 *Ga.* 215; *Dinkler* v. *Baer,* 92 *Ga.* 432 (3).

LUKE, J. Dekle Investment Company sued Stevens upon two promissory notes for loans aggregating $194.71, and dated in

December, 1914, and March, 1915, which purported to have been given "for value received." Stevens answered denying indebtedness, and pleaded as follows: "That on or about the first day of October, 1914, plaintiff, acting through its duly authorized agent and manager, J. R. Dekle, and defendant entered into a parol contract whereby plaintiff on its part agreed to furnish to defendant necessary bare living expenses of defendant during the life of the contract, and, in consideration of such undertaking on the part of its plaintiff, defendant agreed to render his services as real estate agent in the buying and selling of real estate for plaintiff, and whereby it was mutually agreed between the parties that whatever profits be made be divided equally between plaintiff and defendant, such contract to be terminated at any time at the option of either party, and in the event no profits were made the plaintiff agreed to stand the loss of said expenses so advanced as aforesaid, and the defendant agreed to stand the loss of his said services; that in pursuance of said contract defendant rendered to plaintiff his services in the buying and selling of real estate for the plaintiff from the date of the contract to the 27th day of April, 1915, at which time said contract was terminated by mutual consent of plaintiff and defendant, and during such time plaintiff advanced to defendant the sum of $194.71 to cover the necessary bare living expenses of defendant during such time as contemplated by the parties in pursuance of said contract; that the said notes sued on were executed by the defendant to the plaintiff for the sole purpose of preserving a record of the amount advanced to the defendant by plaintiff to cover the necessary living expenses of defendant during the life of said contract, and that there was no consideration whatever moving from the plaintiff to the defendant for the execution of said notes by the defendant. During the life of said contract defendant's bare living expenses did actually amount at least to the said sum of $194.71. That during the life of said contract defendant did actually render to plaintiff his services as real estate agent of plaintiff in the buying and selling of real estate as in purview of said contract. Although defendant performed his part of said contract and all the services contemplated by the same, no profits were realized. By reason of the foregoing facts, said notes were executed without any consideration whatever, and are not obligations binding this defendant."

The plaintiff demurred to the plea, upon the ground that it did not set forth a good defense to the suit, and that it sought to vary the terms of a written instrument and to abrogate an unconditional contract in writing by alleging a contemporaneous parol contract. The court sustained the demurrer and struck the plea, and rendered judgment against the defendant. We think the facts pleaded were sufficient to have permitted the defendant to submit to the court the question as to the consideration of the notes.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*